# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LARRY D. DAVIS, | DOCKET NUMBER |
| Appellant, | CH-0845-18-0459-I-3 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: February 2, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Larry D. Davis, Indianapolis, Indiana, pro se.

Alison Pastor, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely refiled without good cause shown for the delay. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On September 19, 2011, the appellant entered into Federal Employees' Retirement System (FERS) disability retirement from the U.S. Postal Service. *Davis v. Office of Personnel Management*, MSPB Docket No. CH-0845-18-0459-I-1, Initial Appeal File (IAF), Tab 1 at 24. On November 7, 2017, the Office of Personnel Management (OPM) notified the appellant that he had been overpaid $23,545.02 in interim pay, which it proposed to collect through withholdings from his annuity. *Id.* at 2-11. The appellant timely requested reconsideration, but OPM began the proposed withholdings anyway without issuing any further decision on the matter.[2] *Id.* at 12-18, 42. In April and May 2018, the appellant requested in writing that OPM stop the withholdings, but it does not appear that OPM responded. *Id.* at 42-45.

On July 3, 2018, the appellant filed a Board appeal and requested a hearing. IAF, Tab 1 at 46, Tab 3 at 1, 5-6. He sought an explanation of the overpayment determination as well as resolution of ongoing disputes concerning deductions for life and health insurance. IAF, Tab 3 at 3-6. OPM moved to dismiss the appeal for lack of jurisdiction because it had not yet issued a final decision on the overpayment. IAF, Tab 7. The administrative judge convened a status conference, during which OPM stated that it was holding its final decision in abeyance due to the appellant's premature Board appeal. IAF, Tab 10 at 1. OPM further stated that, if the Board appeal were dismissed without prejudice, it expected a final reconsideration decision on all matters to be issued within 45 days. *Id.* The parties agreed to a dismissal without prejudice. *Id.* at 2. Accordingly, on September 12, 2018, the administrative judge issued an initial decision dismissing the appeal without prejudice to refiling within 30 days after the appellant's receipt of OPM's reconsideration decision. IAF, Tab 11, Initial Decision at 2. Alternatively, if the appellant did not receive a reconsideration

---

[2] OPM's notice of overpayment stated that "[c]ollection actions will be suspended at all levels of review if a timely request [for reconsideration] is received." IAF, Tab 1 at 4.

decision from OPM, the appeal would be automatically refiled in 90 days. *Id.* OPM did not issue a reconsideration decision, and the appeal was automatically refiled on December 12, 2018. *Davis v. Office of Personnel Management*, MSPB Docket No. CH-0845-18-0459-I-2, Appeal File (I-2 AF), Tabs 1-2.

On February 19, 2019, OPM filed a pleading, stating that it had determined that its November 7, 2017 initial decision reflecting a debt of $23,545.02 was in error. I-2 AF, Tab 6 at 4-5. It further stated that it had ceased collections and refunded the collected money to the appellant. *Id*. at 5, 10. It appears that OPM maintained the validity of the debt but that it satisfied the debt using erroneously-charged life insurance deductions and unpaid accrued annuity that it otherwise would have refunded to the appellant. *Id*. at 5.

The administrative judge convened another status conference, during which the appellant stated that OPM's pleading did not address another overpayment notice that he had received regarding his health benefits and that he wished to have a summary of all payments that he received from OPM and the Social Security Administration so he could ensure that the amounts were correct. I-2 AF, Tab 9 at 1. The parties consented to a dismissal without prejudice to allow OPM to address the health benefits overpayment issue, allow the appellant to review the summary of payments, and give OPM time to address any further questions that the appellant might have. *Id*. at 1-2. On March 6, 2019, the administrative judge issued an initial decision dismissing the appeal without prejudice, with a refiling deadline of September 6, 2019. I-2 AF, Tab 10, Initial Decision (I-2 ID).

On September 9, 2019, the appellant refiled his appeal, asserting that OPM had been unresponsive to his requests for information. *Davis v. Office of Personnel Management*, MSPB Docket No. CH-0845-18-0459-I-3, Appeal File (I-3 AF), Tab 1 at 3-4, 7. The administrative judge issued a timeliness order, notifying the appellant that his refiled appeal appeared to be untimely, and informing him of his burden to prove that it was either timely or there was good

cause for the delay. I-3 AF, Tab 3. The appellant responded, stating that he missed the deadline because he was waiting in hopes that he would receive a final decision from OPM. I-3 AF, Tab 4. The administrative judge issued an initial decision, finding that the appeal was untimely, that the appellant failed to establish good cause to waive the refiling deadline, and dismissing the appeal on that basis. I-3 AF, Tab 6, Initial Decision (I-3 ID).

The appellant has filed a petition for review, addressing the merits of his claim, arguing that OPM has still not issued a final decision in his case, and asserting that the administrative judge should have instituted an automatic refiling date as she did for the first dismissal without prejudice. Petition for Review (PFR) File, Tab 1. OPM has filed a response to the petition for review, and the appellant has filed a reply to OPM's response. PFR File, Tabs 4, 6.

## ANALYSIS

The appellant has shown good cause for untimely refiling his appeal.

It is undisputed that the appellant refiled his appeal 3 days past the deadline. Therefore, the only issue is whether the filing deadline should be waived. In her initial decision, the administrative judge considered the factors that are generally applicable in determining whether to waive a filing deadline. I-3 ID at 3-5; *see Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd per curiam*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Although the administrative judge did not err in considering these general standards as part of her overall determination, *see Baumunk v. Department of Health and Human Services*, 69 M.S.P.R. 622, 625 (1996), it does not appear that she accounted for the more specific factors that the Board has identified for determining whether good cause exists for excusing an untimely refiled appeal of a matter previously dismissed without prejudice. These include the following: the appellant's pro se status; the timeliness of the initial appeal; the appellant's demonstrated intent throughout the proceedings to refile the appeal; the length of the delay in refiling;

confusion surrounding and arbitrariness of the refiling deadline; the number of prior dismissals without prejudice; the agency's failure to object to the dismissal without prejudice; and the lack of prejudice to the agency in allowing the refiled appeal. *Sherman v. U.S. Postal Service*, 118 M.S.P.R. 265, ¶ 9 (2012).

In this case, we find that the appellant has been proceeding pro se throughout the appeal process, there were only two prior dismissals without prejudice, the 3-day filing delay was minimal, and OPM expressly consented to the dismissal without prejudice. I-2 AF, Tab 9; *see Brown v. Office of Personnel Management*, 86 M.S.P.R. 417, ¶ 8 (2000) (finding the appellant's 5-day refiling delay to be "relatively de minimis"). In addition, it has been clear throughout the proceedings that the appellant intended to refile his appeal if he was not satisfied with OPM's final decision and accounting of his annuity payments. *See Hodges v. Office of Personnel Management*, 101 M.S.P.R. 212, ¶¶ 2, 12 (2006) (concluding it was clear that an appellant intended to refile her appeal of OPM's discontinuation of her disability retirement benefits if her alleged involuntary retirement appeal against her former employing agency was not successful). Nor is there any indication that OPM was prejudiced by the delay. Unlike adverse action cases, in which an expedient response to an appeal enables the agency to move forward with the management of its programs, in a retirement benefits appeal, there is no such need for finality to compete with an appellant's right to a decision on the merits. *Karker v. Office of Personnel Management*, 80 M.S.P.R. 235, ¶ 9 (1998); *Edney v. Office of Personnel Management*, 79 M.S.P.R. 60, ¶ 6 (1998). The Board has therefore placed a high priority on resolving retirement benefits cases on the merits and has found that any doubt about whether to waive a filing deadline for an adjudication on the merits should be resolved in favor of the appellant. *Lamb v. Office of Personnel Management*, 110 M.S.P.R. 415, ¶ 10 (2009). Regarding the timeliness of the initial appeal, it was not untimely. In fact, OPM characterized the appeal below as "premature" because the appellant filed it before OPM had issued a reconsideration decision. IAF, Tab 7 at 4-5.

We find that the only factor that weighs against waiving the filing deadline is the lack of any confusion surrounding that deadline. The refiling deadline in this case was clear; the administrative judge stated plainly in her initial decision that "[t]he appeal must be refiled by September 6, 2019 or it will be considered untimely."[3] I-3 ID at 2. There is nothing in the record that indicates to us that the appellant was confused about the deadline, and we see nothing in the deadline or the way that it was expressed that lends itself to misinterpretation.

The appellant argues that the administrative judge should have set an automatic refiling date, as she did with the first dismissal without prejudice. PFR File, Tab 1 at 6; IAF, Tab 11 at 2. We disagree. The administrative judge, and apparently both parties, hoped that intervening events might resolve the appellant's case without further involvement from the Board. I-2 AF, Tab 9. The Board has recognized such administrative efficiency as a basis for an administrative judge to exercise her wide discretion to dismiss an appeal without prejudice. *Thomas v. Department of the Treasury*, 115 M.S.P.R. 224, ¶ 7 (2010).

We are mindful that OPM was the architect of the conditions that led to the untimely refiling, first by initiating collections despite the appellant's request for reconsideration, then by failing to issue a reconsideration decision within the initial 90-day dismissal without prejudice period, much less within the 45-day time period that it anticipated, and finally by failing to issue a reconsideration decision and final accounting within the 6 months that the administrative judge allotted during the second dismissal without prejudice period. IAF, Tab 1 at 12-18, 42, Tab 10; I-2 ID at 1-2. We find that, under the particular facts of this case, it would be inequitable to extinguish the appellant's statutory right of appeal at his first misstep when that misstep was occasioned by OPM's continued delays in issuing a decision.

---

[3] The 6-month refiling deadline was, however, more or less arbitrary. *See Jackson v. Office of Personnel Management*, 89 M.S.P.R. 302, ¶ 10 (2001) (waiving the refiling deadline after weighing, among other factors, that the refiling deadline was "relatively arbitrary").

Considering the totality of the circumstances, we find good cause to waive the refiling deadline for this appeal. *See Sherman*, 118 M.S.P.R. 265, ¶¶ 10-13 (finding good cause for an 81-day delay in refiling despite the length of the delay and three prior dismissals without prejudice because the appellant was pro se, timely filed his initial appeal, and did not indicate any intention to abandon his appeal; the agency did not assert it would be prejudiced by allowing the refiled appeal to proceed; and there was confusion surrounding the refiling deadline). *Shenwick v. Department of State*, 90 M.S.P.R. 192, ¶¶ 8-11 (2001) (waiving a 16-day delay in refiling an individual right of action (IRA) appeal when the appellant's initial appeal was timely, she expressed no intent to abandon her IRA appeal, she refiled her IRA appeal at the same time she filed a removal appeal so that the two appeals could be adjudicated together, and the agency did not claim it would be prejudiced by the waiver). While reminding the appellant of the importance of attending to the orders and deadlines set by the administrative judge, we waive the refiling deadline this time and remand the appeal for further adjudication.

On remand, the administrative judge must make a determination as to whether the Board has jurisdiction over this appeal.

On remand, the administrative judge should determine whether the Board has jurisdiction over the appeal and, if so, make a decision on the merits. At this point, there are unresolved issues that may affect the Board's jurisdiction.

OPM asserted below that it has not issued a final decision on the overpayment "at this time" because the alleged overpayment no longer exists. I-2 AF, Tab 6 at 5-6. The meaning of this statement is unclear. We cannot tell whether OPM still intends to issue a final decision or whether the pleading itself should be deemed OPM's final decision on the matter. *See Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014) (recognizing that OPM is deemed to have issued an appealable decision when it has (1) issued a reconsideration (or final) decision, (2) issued an initial decision without

reconsideration rights, or (3) refused or improperly failed to issue a final decision); *Triplett v. Office of Personnel Management*, 100 M.S.P.R. 571, ¶ 5 (2005) (explaining that when OPM has rescinded its reconsideration decision after the appellant files a Board appeal, and does not issue a replacement, its silence is an implicit negative reconsideration decision, and Board proceedings may recommence). OPM does not contend that an overpayment never existed. Rather, it contends that it has satisfied the overpayment by other means. I-2 AF, Tab 6 at 5-6. OPM may have ceased collections and refunded the withholdings, but its action of satisfying the alleged overpayment by applying prior annuity underpayments and a retroactive refund of life insurance premiums still affected the appellant's rights and interests under FERS. *Id.* at 5, 12-18; *see* 5 U.S.C. § 8461(e)(1) (codifying an annuitant's right to file a Board appeal of an action affecting his rights or interests under FERS). Indeed, the appellant appears to be arguing that the life insurance premiums should have been refunded directly to him. PFR File, Tab 1 at 6.

Based on the appellant's petition for review there appears to be other, possibly related, matters in dispute. First, the appellant appears to be arguing that he is due unpaid benefits from April 12, 2009, to January 1, 2011. PFR File, Tab 1 at 3. He also appears to argue that OPM is responsible for a $22,926.79 health insurance payment as assessed by the Mail Handlers Benefit Plan, $13,083.03 of which must be repaid before his insurance is reinstated. *Id.* at 4, 6. It is not clear that these matters are within the Board's jurisdiction, particularly the alleged health insurance overpayment, *see Chamblin v. Office of Personnel Management*, 112 M.S.P.R. 266, ¶ 7 (2009) (finding that Federal employee health insurance and life insurance programs generally are outside the Board's jurisdiction), but we find that it would be more appropriate for the administrative judge to make these jurisdictional findings in the first instance. On remand, the administrative judge should determine whether these or any other matters are still in dispute, and if so, which matters are within the Board's jurisdiction.

Although the appellant filed several previous appeals concerning his FERS annuity benefits, none of his prior appeals resulted in a decision on the merits; they were all dismissed for lack of jurisdiction because OPM had either not issued, or had subsequently rescinded, its final decision. *Davis v. Office of Personnel Management*, MSPB Docket No. CH-0841-15-0102-I-1; *Davis v. Office of Personnel Management*, MSPB Docket No. CH-0841-17-0036-I-1; *Davis v. Office of Personnel Management*, MSPB Docket No. CH-0845-18-0212-I-1. Thus, his prior appeals do not appear to preclude his current appeal. However, depending on how the record and issues develop on remand, the administrative judge may wish to revisit whether these prior jurisdictional determinations collaterally estop the appellant from asserting jurisdiction in the instant appeal. *See Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016) (explaining when collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.